IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

UNITED STATES OF AMERICA,      )
                               )
              Plaintiff,       )
                               )
        v.                     )      No. 13 C 9261
                               )      (Criminal Case No. 12 CR 449)
JUAN CARLOS MENA-FLORES,       )
                               )
              Defendant.       )

MEMORANDUM OPINION AND ORDER

Juan Carlos Mena-Flores ("Mena-Flores") has, with the benefit of the "mailbox rule," just come in under the limitations wire[1] in filing a 28 U.S.C. § 2255 ("Section 2255") motion to vacate, set aside or correct the 63 month sentence imposed by this Court on November 30, 2012 for his illegal re-entry into the United States without the permission required to be obtained by a previously deported alien (see 8 U.S.C. § 1326(b)(2)). Mena-Flores charges his trial counsel with constitutionally ineffective representation in having failed to advance a "categorical approach" to Mena-Flores' prior criminal record, for which purpose he seeks to invoke the decision in Taylor v. United States, 495 U.S. 575 (1990).

Unfortunately for Mena-Flores, this Court's practice is to retain its criminal case files until a sentenced defendant has completed the service of his or her sentence. And this Court's

_____

[1] See Section 2255(f)(1).

review of Mena-Flores' file reveals that he has misrepresented the relevant facts, so that the principle announced in Taylor does not assist him.

In support of his asserted "categorical approach" argument, Mena-Flores has attached a photocopy of a November 9, 2001 three-count state court criminal complaint naming him, Count Three of which charges that on November 3 of that year he committed the state law offense of "aggravated battery" in violation of 720 ILCS 5/12-4(b)(6) in that he:

> without legal justification knowingly made contact of an insulting and provoking nature with Ptlm M. Mineo #321 in that while running away from Ptlm M. Mineo #321 knowingly threw an empty twelve ounce Miller Genuine Draft beer bottle in the direction of Ptlm. Mineo, striking Ptlm M. Mineo in the left ankle, knowing Ptlm M. Mineo to be a Peace Officer engaged in his official duties

If that were the sole extent of Mena-Flores' activity that could arguably trigger the application of United States Sentencing Guideline §2L1.2(b)(1)(A)(ii) that calls for a 16 level increase over the base offense level of 8 when an earlier conviction was "for a felony that is ... a crime of violence," this Court would have to take a sharp analytical look at the issue he raises.

But what Mena-Flores' current Section 2255 motion fails to disclose is that his pre-deportation criminal record included a conviction for a much more serious violation that constituted "aggravated battery" under state law -- a conviction that truly undercuts his attempted invocation of the "categorical approach"

2

as a predicate for his federal counsel's claimed constitutional
inadequacy. Unlike the definition of "aggravated battery" to
which Mena-Flores points as encompassing an ordinary battery
inflicted on someone in the "peace officer" category, another
subsection of the same Illinois statute -- this time 720 ILCS
5/12-4(a) -- specifies a very different type of "aggravated
battery" that plainly meets the "crime of violence" standard in
the Sentencing Guidelines:

> A person who, in committing a battery, intentionally or
> knowingly causes great bodily harm, or permanent
> disability or disfigurement commits aggravated battery.

Here is Paragraph 17 of Mena-Flores' Presentence Investigation
Report with which his federal defense counsel was required to
deal for sentencing purposes:

> Pursuant to §2L1.2(b)(1)(A)(ii), a 16-level increase is
> applicable because the defendant previously was
> deported, or unlawfully remained in the United States,
> after a conviction for a felony that was a crime of
> violence. More specifically, on December 19, 1997, the
> defendant was convicted of aggravated battery and was
> sentenced to 30 months probation and 180 days jail
> (Circuit Court of DuPage County, Illinois, Docket No.
> 97CF915). Subsequently, the defendant's probation was
> revoked on March 27, 2000 and he was sentenced to two
> years imprisonment. The charging documents reflect
> that the defendant caused great bodily harm to the
> victim by striking the victim in the head with a wooden
> bludgeon and kicking the victim about the body.

In short, the application of a "categorical approach" to
that prior conviction left no wiggle room for any criminal
defense lawyer to extricate Mena-Flores from the operation of the
16-level Guideline enhancement that he now claims violated his

constitutional right to effective legal representation. Hence this Court's screening of Mena-Flores' motion called for by Rule 4(b) of the Rules Governing Section 2255 Proceedings for the United States District Courts has led to the incontrovertible conclusion that "it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief." That being true, the same Rule 4(b) states that "the judge must dismiss the motion and direct the Clerk to notify the moving party," and this Court does so.

_____

Milton I. Shadur
Senior United States District Judge

Dated:    January 6, 2014